## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal No. 1:15CR00201** |
| | ) | **(Hon. Liam O'Grady)** |
| | ) | |
| **EDWIN STUART LIVINGSTON III,** | ) | |
| **RONALD JOSEPH TIPA,** | ) | |
| **THOMAS EDWARD TAYLOR, and** | ) | |
| **ROSS BERNARD DEBLOIS, SR.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS MULTIPLICITIOUS COUNTS

The indictment charges the defendants with two different sets of statutory offenses: 1) conspiracy to commit bribery and bribery; and 2) conspiracy to commit honest services wire fraud and honest services wire fraud. Both sets of statutory offenses are premised on the same alleged conduct, bribing a public official to violate his lawful duties. The rule against multiplicity precludes the government from charging the same offense in multiple counts charging different crimes. Because the indictment violates the rule against multiplicity, the government should not be permitted to proceed on both theories. Rather, the Court should order the government to dismiss one set of charges or the other.

2046584.1

## BACKGROUND

### I.     The bribery counts

In Count One, the indictment charges the defendants with conspiring to bribe a public official and to defraud the United States by bribing a public official. Specifically, it alleges that the defendants conspired to "give, offer, and promise things of value to a public official [Colonel Robert Porter of the National Guard Bureau ("NGB")] with intent to influence official acts and to" commit fraud and to violate his lawful duties.  DE 2 at ¶ 12(a).  The indictment also alleges that the defendants conspired to "defraud[] the United States" by impairing, obstructing, and defeating the lawful functions of the NGB.  *Id*. at ¶ 12(b).  In describing the defendants' conduct in furtherance of this conspiracy, the indictment alleges that they agreed to approve a payment of $55,000 to Porter in July 2014 "in exchange for" Porter's having influenced the awarding of contracts to MPSC.  *Id*. at ¶¶ 15(f)-(j).

### II.     The honest services wire fraud counts

In Count Three, the indictment charges the defendants with conspiracy to commit honest services wire fraud, alleging the same conduct described in Count One.  Count Three alleges that the defendants conspired "to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to deprive United States citizens, and others, of the intangible right of honest services, and in doing so to transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs,

2

signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit: the defendants corruptly agreed to pay Porter for Porter's exercise of official action to influence the award of NGB contracts to MPSC, and others, in order to enrich the defendants, which is a violation of Porter's duty to refrain from accepting bribes and kickbacks in exchange for performing Porter's official duties, contrary to Title 18, United States Code, Sections 1346 and 1343."  DE 2 at ¶ 20 (emphasis added).

## III.    The identical conduct on which both sets of counts are based

Ultimately, Counts One and Three both allege that the defendants participated in a conspiracy to pay Porter $55,000 in exchange for his agreement to steer NGB contracts to MPSC.  *Compare* DE 2 at ¶ 13 (describing purpose of bribery conspiracy as "giving, offering, and promising things of value to Porter . . . in exchange for Porter's agreement to take official action to influence the award of NGB contracts to MPSC") *with* DE 2 at ¶ 20 (stating that purpose of honest services wire fraud conspiracy was "to pay Porter for Porter's exercise of official action to influence the award of NGB contracts to MPSC.").

In Count Two, the indictment charges the defendants with bribery of a public official, alleging that they did "corruptly give, offer, and promise a thing of value to a public official . . . with intent to influence an official act, influence a public official to commit . . . fraud on the United States, and to induce a public official to do an act . . . in violation of his official duty."  DE 2 at ¶ 17 (emphasis added).  Specifically, it is alleged that the defendants did "pay Porter approximately

3

$55,000 in exchange for Porter's help in steering NGB contracts to MPSC." *Id.* The indictment alleges that the defendants made the $55,000 payment in installments over the course of several months. *Id.* at ¶¶ 15(f)-(p).

Counts Four through Eight charge the same conduct as charged in Count Two. The indictment alleges that the defendants devised and participated in a scheme the purpose of which was to "offer, promise, and give things of value to Porter, with the intent for Porter to use and misuse his position as an NGB official to manipulate the influence of NGB's awarding of lucrative marketing and recruitment contracts" to MPSC. *Id.* at ¶¶ 22-23. The indictment then alleges that the defendants executed their scheme by using interstate wire communications to pay Porter $55,000 in installments over the course of several months.

## ARGUMENT

"Multiplicity . . . is the charging of a single offense in several counts." *See United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal quotation marks omitted)). The charging of a single crime in multiple counts offends the constitutional prohibition against double jeopardy. *See United States v. Shrader*, 675 F.3d 300, 313 (4th Cir. 2012) ("The rule against multiplicity is rooted in the Double Jeopardy Clause of the Fifth Amendment, which serves . . . the familiar function of prohibiting . . . 'the imposition of cumulative punishments for the same offense in a single criminal trial.'") (quoting *United States v. Ragins*, 840 F.2d 1184, 1187 (4th Cir. 1988)); *United States v. Colton*, 231 F.3d 890, 908 (4th Cir. 2000) ("The multiplicity doctrine finds its roots in the Fifth Amendment's Due Process

4

Clause, which 'assure[s] that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'") (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)).

Multiplicity results in two distinct dangers. "[T]he principal danger created by multiplicity is that a defendant will receive multiple punishments for a single offense." *Colton*, 231 F.3d at 910. Secondly, "a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes – not one." *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991), *cert. denied*, 503 U.S. 960 (1992).

> A multiplicitous indictment not only subjects the defendant to numerous sentences for one offense, but also prejudice[s] the defendant and confuse[s] the jury by suggesting that not one but several crimes have been committed. A multiplicitous indictment therefore violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense.

*United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008) (internal citation and quotation marks omitted). *See also United States v. Gullett*, 713 F.2d 1203, 1211-12 (6th Cir. 1983) ("A multiplicitous indictment . . . can prejudice the jury by suggesting that more than one crime was committed."); *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981) (noting that one of the vices of a multiplicitous indictment is that it "may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes."); *United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir. 1978) ("Multiplicity . . . may prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present."); *United States v. Williams*, No. 5:10-CR-00163-BO,

2011 WL 1751552, at *2 (E.D.N.C. May 6, 2011) ("The risk of a trial court not dismissing a redundant count is that it may falsely suggest to a jury that a defendant has committed not one but several crimes.") (internal quotation marks omitted).

**I.     The bribery counts and the honest services counts are multiplicitous and expose the defendants to double jeopardy.**

To determine whether two charges constitute the same offense and are therefore multiplicitous, the Court must decide whether they are both premised on the same conduct. *United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005) ("Inquiries concerning whether two charges are actually the 'same offense' usually involve . . . an indictment which has charged multiple *statutory offenses* premised on the same conduct. . . ") (emphasis in the original). Courts do so by applying the rule set forth in *Blockburger v. United States,* 284 U.S. 299 (1932). If "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304.

In applying the *Blockburger* test, the Supreme Court has "often concluded that two different statutes define the 'same offense,' typically because one is a lesser included offense of the other." *Rutledge v. United States*, 517 U.S. 292, 297 and n.6 (1996) (collecting cases). In *Ball v. United States*, 470 U.S. 856 (1985), for example, the Court held that illegal possession of a firearm was a lesser included offense of illegal receipt of a firearm, because "proof of illegal receipt of a firearm *necessarily* includes proof of illegal possession of that weapon." *Id.* at 862. Similarly, in *Whalen*

6

*v. United States*, 445 U.S. 684 (1980), the Court held that the crime of rape was a lesser included offense of the felony murder charge of "killing a human being in the course of . . . rape." *Id.* at 686.  The Court reached this conclusion because "proof of rape is a necessary element of proof of the felony murder." *Id.* at 694.

The indictment alleges that the defendants committed wire fraud by devising a scheme to deprive citizens of the honest services of a public official and causing a wiring in furtherance of that scheme.  Proof of honest services fraud necessarily requires proof of bribery.  Under the Supreme Court's holding in *Skilling v. United States*, 561 U.S. 358 (2010), the substantive offense of honest service fraud under 18 U.S.C. § 1346 is limited in scope to "bribes and kickbacks." *Id.* at 408-409; *see United States v. McDonnell,* 792 F.3d 478, 504-505 (4th Cir. 2015) ("The Supreme Court has recognized that § 1346 proscribes two, and only two, types of activities: bribery and kickback schemes.") (citing *Skilling v. United States*, 130 S. Ct. 2896, 2907 (2010).[1]

"To the extent that the [honest services] statute prohibits acts of bribery, the prohibition 'draws content . . . from federal statutes proscribing—and defining—similar crimes,' including the general federal bribery statute, 18 U.S.C. § 201(b) . . .

---

[1]  Regardless of whether a charge of honest services fraud is premised on a bribery theory or a kickback theory, proof of honest services fraud requires proof of the elements of bribery.  This is so because a kickback is nothing more than a particular type of bribe. While all bribes are not kickbacks, all kickbacks are bribes. *See, e.g.*, H.R. Rep. No. 99-964, at 5 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5960, 5962 ("[k]ickbacks are a form of commercial bribery . . ."); Fed. Crim. Jury Instr. 7th Cir. 18 U.S.C. §§ 1341, 1343 and 1346 (2012 ed.) (comment) ("A kickback is a form of bribery where the official action, typically the granting of a government contract or license, is the source of the funds to be paid to the fiduciary.").

7

." *McDonnell*, 792 F.3d at 505 (quoting *Skilling*, 130 S. Ct. at 2933).  Proof of honest services wire fraud therefore necessarily requires proof of all of the elements of the substantive offense of bribery.  *See id.* (noting that in their proposed jury instructions for honest services fraud, both the government and the defendant sought to import the definition of bribery set forth in 18 U.S.C. § 201(b)).

Conversely, bribery, unlike honest services wire fraud, does not require proof of the use of a wire in furtherance of the scheme.  *See, e.g., United States v. Muldoon,* 931 F.2d 282, 287 (4th Cir. 1991) ("Bribery requires proof that the payor acted corruptly with the intent of influencing any official act, influencing a public official to defraud the government, or to do or omit an act in violation of his official duties.") (citing 18 U.S.C. § 201(b)(1)(A-C)).  Thus, honest services wire fraud requires "proof of a fact which [bribery] does not"; but bribery does not require "proof of a fact which [honest services wire fraud] does not."  *See Blockburger*, 284 U.S. at 304

The two charges cannot pass muster as being different offenses under the *Blockburger* test.  The bribery statute does not require proof of any fact that is not required to prove a violation of the honest services statute.  Rather, bribery (Count Two) is simply a lesser included offense of honest services wire fraud (Counts Four through Eight).[2]

---

[2]   The defendants concede that the wire fraud honest services counts are not multiplicitous of each other.  The wire fraud statute criminalizes each wiring in furtherance of a scheme to defraud.  Therefore, multiple violations of the statute may arise out of a single scheme to defraud.  *See Manley v. Fisher,* 63 F.2d 256 (4th Cir.1933) ("[T]he deposit of each letter in the mail for the purpose of executing a scheme to defraud is a separate and distinct violation of the statute.").

2046584.1

For the same reasons, the crime alleged in Count One (conspiracy to commit bribery) is a lesser included offense of the crime alleged in Count Three (conspiracy to commit honest services wire fraud).[3]

## II. The Court should order the dismissal of either the bribery counts or the honest services counts.

As set forth above, multiplicitous counts present two distinct dangers. While the first of these dangers could be addressed post-conviction, the other cannot. Thus, if the defendants were convicted of both sets of counts, the Court could only consider one set of counts for purposes of sentencing thereby obviating the danger of them receiving multiple punishments for the same offense. However, the other danger of multiplicitous counts can only be remedied prior to trial. If the government is allowed to proceed on an indictment that charges the same conduct in multiple counts, there is the risk that the jury will be confused and/or prejudiced by the allegation that the defendants committed multiple crimes. This risk could lead to an improper conviction. The jury should not be given multiple opportunities to convict the defendants of the same offense.[4]

In *Colton*, the Fourth Circuit found the failure to dismiss multiplicitous bank fraud counts each premised on a different act in furtherance of the same scheme to defraud was harmless because the court gave concurrent sentences on the charges

---

[3]  *See Albernaz v. United States*, 450 U.S. 333, 339 (1981) (holding that *Blockburger* test applies to conspiracies as well as substantive offenses).

[4]  Indeed, the Federal Rules of Criminal Procedure themselves recognize that multiplicity problems often need to be remedied before trial. Rule 12 requires defendants to raise multiplicity issues *before* trial.  *See* Fed. R. Crim. P. 12(b)(3)(B)(ii) ("charging the same offense in more than one count (multiplicity)" is "a defect in the indictment" that "must be raised by pretrial motion").

and the jury had heard the exact same evidence it would have heard regardless of how many bank fraud counts were charged.

Some district courts within the Fourth Circuit, following *Colton*, have held that there is no need to dismiss multiplicitous counts of an indictment before trial because it is sufficient to vacate any overlapping convictions at sentencing. *See United States v. Lewis*, No. 7:14-CR-88-FL, 2015 WL 1526627, at *2 (E.D.N.C. Apr. 3, 2015); *United States v. Valencia-Adata*, No. 5:08-CR-75-FL-1, 2008 WL 4273206, at *2 (E.D.N.C. Sept. 17, 2008). *Colton*, however, involved numerous counts charged under the same statute. 231 F.3d at 910.

Here, the multiplicitous counts are not charged under the same statute. If the government were allowed to proceed under both statutes, bribery and honest services wire fraud, the defendants would face the risk of confusion and/or prejudice by the jury as a result of the allegation that they committed multiple **different** crimes. Therefore one set of these counts should be dismissed.

District courts within the Fourth Circuit (even after the decision in *Colton*) have recognized that pretrial dismissal is the most appropriate remedy for multiplicitous counts. *See, e.g.*, *United States v. Williams*, 2011 WL 1751552, at *2-3 (E.D.N.C. May 6, 2011) (recognizing risk of prejudice and requiring government to elect dismissal of either one of two multiplicitous counts); *United States v. Gardner*, 417 F. Supp. 2d 703, 718 (D. Md. 2006) ("Assuming the Government would choose to drop Counts 7 and 9 rather than Count 1 [for reasons explained earlier in the opinion], Counts 7 and 9 shall be dismissed for being multiplicitous."); *see also*

10

*United States v. Clarridge*, 811 F. Supp. 697, 702, 707 (D.D.C. 1992) (finding multiplicitous counts, noting danger of prejudice to defendant, and requiring government to elect which overlapping counts to dismiss before trial); *United States v. Phillips*, 962 F. Supp. 200, 202 (D.D.C. 1997) (requiring dismissal of multiplicitous counts and noting that "the government offers no justification for increasing the possibility of prejudice against the defendant by letting multiplicitous counts go to the jury in the first place."); *United States v. Wilder*, No. 08-CR-35, 2008 WL 2004256, at *5 (E.D. Wis. May 8, 2008) (requiring prosecution to elect dismissal of either one of two multiplicitous counts before trial in order to avoid prejudice to defendant).

## CONCLUSION

The indictment charges the same offense in multiple counts by charging the same conduct both as two different crimes, bribery and honest services wire fraud. The Court should require the government to elect dismissal of either the bribery counts (One and Two) or the honest services fraud counts (Counts Three through Eight).

2046584.1

Respectfully submitted,

/s/
Robert P. Trout (VA Bar # 13642)
Jesse Winograd (VA Bar # 79778)
Gloria B. Solomon (*Pro Hac Vice*)
*Counsel for Defendant Ross B. DeBlois Sr.*
TROUT CACHERIS & JANIS PLLC
1350 Connecticut Avenue NW
Suite 300
Washington, DC 20036
Telephone: (202) 464-3300
Fax: (202) 464-3319
Email: rtrout@troutcacheris.com
          jwinograd@troutcacheris.com
          gsolomon@troutcacheris.com


/s/
Preston Burton (VA Bar # 30221)
Gregory L. Poe (*Pro Hac Vice*)
Rachel Li Wai Suen (*Pro Hac Vice*)
*Counsel for Edwin S. Livingston III*
POE & BURTON PLLC
The Executive Building
1030 15th Street NW
Suite 580 West
Washington, DC 20005
Telephone: (202) 583-2500
Fax: (202) 583-0565
Email: pburton@poeburton.com
          gpoe@poeburton.com
          rliwaisuen@poeburton.com

/s/
Addy R. Schmitt (VA Bar #88704)
Barry J. Pollack (*Pro Hac Vice*)
*Counsel for Defendant Thomas E. Taylor*
MILLER & CHEVALIER CHARTERED
655 15th St., NW
Suite 900
Washington, D.C. 20005-5701
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: aschmitt@milchev.com
          bpollack@milchev.com


/s/
Karen D. Williams (VA Bar # 79213)
Mark J. MacDougall (*Pro Hac Vice*)
Connor Mullin (*Pro Hac Vice*)
*Counsel for Defendant Ronald Joseph
Tipa*
AKIN GUMP STRAUSS HAUER &
FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: kdwilliams@akingump.com
          mmacdougall@akingump.com
          cmullin@akingump.com

2046584.1

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 4th day of December, 2015, a true and genuine copy of Memorandum of Law in Support of Defendants' Motion to Dismiss Multiplicitious Counts was sent via electronic mail by the Court's CM/ECF system to the following:

> Jonathan Fahey
> Alison Anderson
> Karen Ledbetter Taylor
> Christopher Catizone
> U.S. Attorney's Office (Alexandria-NA)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Telephone: 703-299-3700
> Email:   jonathan.fahey@usdoj.gov
>             alison.anderson@usdoj.gov
>             karen.taylor2@usdoj.gov
>             christopher.catizone@usdoj.gov

                                    _____/s/_____
                                    Addy R. Schmitt

13

2046584.1