IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 1:15CR00201 |
| | ) | (Hon. Liam O'Grady) |
| | ) | |
| EDWIN STUART LIVINGSTON III, | ) | |
| RONALD JOSEPH TIPA, | ) | |
| THOMAS EDWARD TAYLOR, and | ) | |
| ROSS BERNARD DEBLOIS, SR., | ) | |
| | ) | |
| Defendants. | ) | |

**THE DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS MULTIPLICITOUS COUNTS**

**I.   The charge in the indictment of bribing a public official (Count Two) and the charges of depriving citizens of the honest services of a public official through bribery (Counts Four through Eight) are multiplicitous.**

In arguing that the bribery and honest services fraud counts in the indictment are not multiplicitous, the government suggests – wrongly – that the defendants have misinterpreted the *Blockburger* test. The government cites case law holding that the *Blockburger* test should be applied based on the charges advanced in the case, not based on the specific facts of the case. Yet, without citing any authority, the government asks the Court to go further. It contends the Court should ignore not only the facts charged in the indictment, but also the legal theories on which those charges are based. The government thus takes the novel position that because there *could* be a case charging bribery and honest services

1

fraud pursuant to legal theories that would not render the charges multiplicitous, the Court should ignore the multiplicitous nature of the offenses under the legal theories *actually* charged in the indictment in this case. The government's novel argument is legally unsound and should be rejected.

Where there are alternative distinct legal theories pursuant to which a single statute could be violated, the court cannot conduct the *Blockburger* analysis without considering which legal theory is advanced by the government in the case at issue. *See Whalen v. United States*, 445 U.S. 684 (1980) (discussed below). Applying the *Blockburger* test correctly, under the legal theories advanced in the indictment, Count Two (bribery) is a lesser included offense of Counts Four through Eight (honest services fraud), and Count One (conspiracy to commit bribery) is a lesser included offense of Count Three (conspiracy to commit honest services fraud). Accordingly, these counts are multiplicitous.

In *Whalen*, the defendant killed a woman during the course of a rape and was subsequently convicted of, and sentenced for, both rape and felony murder. 445 U.S. at 685. He appealed his sentences as multiplicitous, arguing that rape was a lesser included offense of felony murder. *Id*. at 686. The murder statute at issue punished a killing in the course of any one of several enumerated felonies, which included rape, robbery, kidnapping, and others. *Id*. Whalen argued that rape was a lesser included offense because it did not require establishment of any element not required for proof of felony murder. *Id*. The government responded that felony murder *could* be proven without proof of rape – by proving one of the other

enumerated felonies – and therefore, the two statutes passed the *Blockburger* test. *Id*. at 694. The Court disagreed, finding that "[a] conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape," *id*. at 693-94, and concluding that "*[i]n the present case*, . . . proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense." *Id*. (emphasis added).[1]

The government does not dispute that honest services fraud, under *Skilling*, can only be committed via bribery (or kickbacks – a particular form of bribery) and that it has charged both bribery and honest services fraud. DE 83 at 30 (citing *Skilling v. United States*, 561 U.S. 358, 404 (2010)). Rather, the government points to the fact that 18 U.S.C. § 201(b)(1) prohibits only bribery of a federal public official, whereas 18 U.S.C. § 1346 honest services fraud *could* be committed by bribing either a state or local public official or a private sector actor. *Id*. at 30-31.

The government thus advances essentially the same argument rejected by the Supreme Court in *Whalen*. Honest services fraud *could* encompass a charge of bribing, for example, a state official, just as felony murder *could* encompass, for example, a charge of murder occurring during the course of a robbery. Yet, *in this case*, the honest services fraud charged is the deprivation of the honest services of a federal public official through bribery, just as the felony murder charged in *Whalen*

---

[1] *Whalen* involved the interpretation of a District of Columbia statute employing the *Blockburger* test. The lower courts have followed *Whalen* in applying the *Blockburger* test to federal statutes. *See, e.g., United States v. Stafford*, 831 F.2d 1479, 1482 n. 3 (9th Cir. 1987).

3

was a murder that occurred in the course of a rape. In this case, bribery is a lesser included of honest services fraud, just as the rape in *Whalen* was a lesser included offense of felony murder.

The *Whalen* Court explained that its analysis did not amount to "apply[ing] the *Blockburger* rule to *the facts* alleged in a particular indictment." 445 U.S. at 694 n. 8. Accordingly, the cases cited by the government that stand for the proposition that the *Blockburger* test is not applied to the facts of a particular case are inapposite. As the holding in *Whalen* illustrates, these cases do *not*, as the government argues, stand for the proposition that the *Blockburger* test should be applied without regard to the legal theory pursuant to which the charges are brought. Rather, where a statute can be violated pursuant to different legal theories, *Whalen* demonstrates that the *Blockburger* test must be applied to the legal theory actually advanced by the government in the case at issue.

The indictment in this case alleges that the defendants: 1) bribed a federal public official; and 2) deprived citizens of the federal public official's honest services by bribing him. The former charge is a lesser included of the latter charges. Accordingly, Counts Two and Four through Eight are multiplicitous.

**II. The charge in the indictment of conspiracy to commit bribery (Count One) is a lesser included offense of the charge of conspiracy to commit honest services fraud (Count Three).**

As set forth above, the substantive offense of bribery (Count Two) is a lesser included offense of the substantive offenses of honest services fraud (Counts Four through Eight). Likewise, the crime of conspiracy to commit bribery (Count One) is

a lesser included offense of conspiracy to commit honest services fraud (Count Three). The conspiracy counts merely allege that the defendants conspired to commit the substantive offenses discussed above. Since, as set forth above, proof of the alleged honest services fraud entails proof of bribery, proof of the alleged honest services conspiracy entails proof of a bribery conspiracy. Accordingly, the bribery conspiracy and the honest services conspiracy are multiplicitous. The alleged bribery conspiracy is a lesser included offense of the alleged honest services conspiracy.

The government in its opposition argues that the conspiracy counts are not multiplicitous because proof of a conspiracy to commit bribery under § 371 requires proof of an overt act, whereas a conspiracy to commit honest services fraud under § 1349 does not. DE 83 at 32. However, the commission of an overt act is not a substantive element of the offense – rather, it is more appropriately viewed as an evidentiary requirement. Accordingly, the overt act requirement is not relevant for purposes of the *Blockburger* test. *See, e.g.*, *Yates v. United States*, 354 U.S. 298, 334 (1957) ("The function of the overt act in a conspiracy prosecution is simply to manifest 'that the conspiracy is at work' . . . and is neither a project still resting solely in the minds of the conspirators nor a fully completed operation no longer in existence.") (internal citations omitted); 2 Wayne R. LaFave, Substantive Criminal Law § 12.2 (2d ed. 2014) ("The Supreme Court currently regards the overt act merely as evidence of the offense" and not "as part of the offense."); *see also id.* at n. 61 (noting the federal courts sometimes mistakenly "speak of the overt act

5

requirement as one of the elements of conspiracy.") (internal quotation marks omitted). Because the overt act requirement in § 371 does not create an additional substantive element of the offense, under *Blockburger* and *Whalen*, the bribery conspiracy charged in this case is a lesser included offense of honest services conspiracy.

In a footnote, the government argues that even if the legal theory it advances in Count One that the defendants violated § 371 by conspiring to commit the offense of bribing a public official is multiplicitous of the charge of violating § 1349 by conspiring to deprive citizens of the honest services of a public official through bribery of that official, the indictment advances an alternative legal theory as to how § 371 was violated. Count One, the government notes, alleges not just a conspiracy to commit the offense of bribing a public official, but also a conspiracy to defraud the United States. DE 83 at 32 n. 5. As to that alternative charging theory, however, it is likewise clear that the alleged § 371 conspiracy is a lesser included offense of the alleged conspiracy to commit honest services fraud.

The defendants are charged with conspiring to defraud the United States by "impair[ing], obstruct[ing], and defeat[ing] the lawful functions of the National Guard Bureau." DE 2 at ¶ 12(b). What the government must prove, then, is that the defendants conspired to defraud the United States by depriving its citizens of Porter's lawful services as a public official. But this is exactly what the government must prove for the charged honest services conspiracy – that the defendants conspired to engage in a "scheme or artifice to deprive another of the intangible

6

right of [Porter's] honest services." 18 U.S.C. §§ 1346, 1349. In other words, it would be impossible for the government to prove the honest services conspiracy without also proving that the defendants conspired to defraud the United States. Therefore, under this theory as well, the § 371 conspiracy is a lesser included offense of the § 1349 conspiracy.

### III. The multiplicitous counts should be dismissed before trial.

Lastly, the government argues that if the bribery and honest services substantive and conspiracy counts are multiplicitous, the only appropriate remedy would be for the court to dismiss the multiplicitous counts at sentencing rather than before trial. DE 83 at 35. The cases it cites, however, establish only that this Court has the discretion to choose which of these remedies is more appropriate. *See*, *e.g.*, *United States v. Deloach*, No. 99-4441, 2000 WL 274972 at *1 (4th Cir. 2000) ("The decision whether to require the prosecution to elect between multiplicitous counts before trial rests within the discretion of the trial court."); *see also United States v. Smith*, No. 1:09CR100, 2010 WL 2749337, at *4 (W.D.N.C. July 12, 2010) ("the Court in its discretion will require the Government to elect between [the multiplicitous] Counts before trial."); 1A Charles Alan Wright, et. al., *Federal Practice & Procedure: Criminal* § 145 (4th ed. 2008) (discussing trial court's discretion in crafting remedy for multiplicitous indictment).

In this case, the defendants have raised the multiplicity argument in advance of trial. The government offers no authority to counter the legion of cases cited by the defendants that recognize that a multiplicitous indictment can confuse the jury

7

and thereby prejudice the defendant. DE 78 at 5-6. As one court has explained, "A multiplicitous indictment creates an exaggerated impression of a defendant's criminal activity by charging an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Polizzi*, 257 F.R.D. 33, 36 (E.D.N.Y. 2009) (internal quotation marks omitted)). Therefore, "[d]istrict courts presented with what are recognized before or during trial to be multiplicitous indictments will avoid any problem by requiring the prosecution to elect between counts charged rather than by merging the counts at sentencing." *Id.* at 36-37.

Here, if the multiplicitous counts are presented at trial, the risk of jury confusion will be great, particularly in light of the complexity of the statutes at issue. Pretrial dismissal is the "most appropriate" remedy "when the mere making of the charges would prejudice the defendant with the jury." *United States v. Reed*, 639 F.2d 896, 904 n. 6 (2d Cir. 1981). Therefore, in order to avoid significant risk of prejudice to the defendants, the Court should require the government to elect dismissal of either the bribery or honest services fraud substantive and conspiracy counts.

## CONCLUSION

The indictment charges the same offense in multiple counts, alleging both bribery (of a federal public official) and honest services wire fraud (a scheme to defraud citizens of the honest services of a federal public official through bribery of that official). Because the former is a lesser-included offense of the latter, the Court

8

should require the government to elect dismissal of either the bribery substantive and conspiracy counts (One and Two) or the honest services fraud substantive and conspiracy counts (Counts Three through Eight) prior to trial.

Respectfully Submitted:

/s/
Robert P. Trout (VA Bar # 13642)
Gloria B. Solomon (*Pro Hac Vice*)
*Counsel for Ross B. DeBlois Sr.*
TROUT CACHERIS & JANIS PLLC
1350 Connecticut Avenue NW
Suite 300
Washington, DC 20036
Telephone: (202) 464-3300
Fax: (202) 464-3319
Email: rtrout@troutcacheris.com
　　　　gsolomon@troutcacheris.com

/s/
Addy R. Schmitt (VA Bar #88704)
Barry J. Pollack (*Pro Hac Vice*)
*Counsel for Thomas E. Taylor*
MILLER & CHEVALIER CHARTERED
655 15th St., NW
Suite 900
Washington, D.C. 20005-5701
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: aschmitt@milchev.com
　　　　bpollack@milchev.com

/s/
Preston Burton (VA Bar # 30221)
Gregory L. Poe (*Pro Hac Vice*)
Rachel Li Wai Suen (*Pro Hac Vice*)
*Counsel for Edwin S. Livingston III*
POE & BURTON PLLC
The Executive Building
1030 15th Street NW
Suite 580 West
Washington, DC 20005
Telephone: (202) 583-2500
Fax: (202) 583-0565
Email: pburton@poeburton.com
　　　　gpoe@poeburton.com
　　　　rliwaisuen@poeburton.com

/s/
Karen D. Williams (VA Bar # 79213)
Mark J. MacDougall (*Pro Hac Vice*)
Connor Mullin (*Pro Hac Vice*)
*Counsel for Ronald Joseph Tipa*
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: kdwilliams@akingump.com
　　　　mmacdougall@akingump.com
　　　　cmullin@akingump.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 29th day of January, 2016, a true and genuine copy of the Defendants' Reply in Support of Their Motion to Dismiss Multiplicitous Counts was sent via electronic mail by the Court's CM/ECF system to the following:

> Jonathan Fahey
> Alison Anderson
> Karen Ledbetter Taylor
> Christopher Catizone
> U.S. Attorney's Office (Alexandria-NA)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Telephone: 703-299-3700
> Email: jonathan.fahey@usdoj.gov
>         alison.anderson@usdoj.gov
>         karen.taylor2@usdoj.gov
>         christopher.catizone@usdoj.gov

                                                      /s/
                                         Addy R. Schmitt