## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD STUART LIVINGSTON, III, | ) | Criminal Case No. 1:15-cr-201 |
| RONALD JOSEPH TIPA, | ) | |
| THOMAS EDWARD TAYLOR, AND | ) | Hon. Liam O'Grady |
| ROSS BERNARD DEBLOIS, SR., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### Order on Motion to Dismiss Multiplicitous Counts (Dkt. No. 77)

Before the Court is Defendants' Motion to Dismiss Multiplicitous Counts. (Dkt. No. 77). The government opposes the motion. (Dkt. No. 83). The Court will dispense with an oral hearing and rule on the briefs submitted.

Defendants contend the indictment is multiplicitous—that is, charges a single offense in several counts—and thereby threatens to violate the prohibition against double jeopardy. *See United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993). "If Congress clearly authorizes multiple punishments for the same act or transaction, the Double Jeopardy Clause is not offended when the multiple punishments are imposed after a single trial." *United States v. Terry*, 86 F.3d 353, 355 (4th Cir. 1996). To determine Congress's intent, the Court must look to the test established by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932), and ask "whether each charged offense requires proof of some fact that the other does not require." *United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005). "If . . . the statutory elements of the two crimes do not overlap, then multiple punishments are presumed to be authorized absent a clear showing of contrary Congressional intent." *Terry*, 86 F.3d at 356.

1

Defendants raise two multiplicity challenges to the indictment: (1) bribery under 18 U.S.C. § 201(b) (Count 2) is a lesser included offense of honest services wire fraud under 18 U.S.C. §§ 1343, 1346 (Counts 4-8); and (2) conspiracy to commit bribery under 18 U.S.C. § 371 (Count 1) is a lesser included offense of conspiracy to commit honest services wire fraud under 18 U.S.C. § 1349 (Count 3).

An examination of the elements of these charges reveals they are not multiplicitous. Bribery under § 201(b)(1) requires involvement of a public official; honest services wire fraud does not. *See Skilling v. United States*, 561 U.S. 367, 413 n.45 (2010) ("The principal federal bribery statute, § 201, . . . generally applies only to federal public officials, so § 1346's application to state and local corruption and to private-sector fraud reaches misconduct that might otherwise go unpunished."). Honest services wire fraud requires use of interstate wire communications; bribery does not. *See United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). Conspiracy under § 371 contains an overt act requirement; conspiracy under § 1349 does not. Conspiracy under § 1349 "requires proof of a conspiracy to commit an offense of fraud and that such fraud is the object of the conspiracy"; conspiracy under § 371 "prohibits two or more persons from conspiring to commit any offense against the United States." *United States v. Njoku*, 737 F.3d 55, 67 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2319 (2014); *see also United States v. Moran*, 778 F.3d 942, 964 (11th Cir. 2016); *United States v. Jones*, 733 F.3d 574, 584 (5th Cir. 2013).

Because the statutory elements do not overlap, the indictment is not multiplicitous and "multiple punishments may be imposed without violating the Double Jeopardy Clause." *United States v. Chandia*, 514 F.3d 365, 372 (4th Cir. 2008). Even assuming multiplicity, however, the Court agrees with the government that the proper remedy is to vacate any multiplicitous

convictions after trial. *See Burns*, 990 F.2d at 1439; *United States v. Deloach*, 208 F.3d 210, 2000 WL 274972, at *1 (4th Cir. 2000) (unpublished table decision); *United States v. Lewis*, No. 7:15-cr-88, 2015 WL 1526627, at *5 (E.D.N.C. Apr. 3, 2015) (collecting cases).

Accordingly, the Motion to Dismiss Multiplicitous Counts (Dkt. No. 77) is **DENIED WITHOUT PREJUDICE**. If Defendants are convicted on greater and lesser included offenses, they may move to vacate prior to sentencing.

**SO ORDERED**.

February 23, 2016
Alexandria, Virginia

_____
/s/
Liam O'Grady
United States District Judge